UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SEAN COITEUX, et al., <br><br> Defendants. | CASE NO. CR21-5184 BHS <br><br> ORDER |

This matter comes before the Court on Defendant Racing Performance Maintenance Northwest, LLC ("RPM Northwest") and RPM Motors and Sales, LLC's ("RPM Motors") Motion to Withdraw as Counsel, Dkt. 62. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and rules as follows.

**I.   BACKGROUND**

The Government charged Sean and Tracy Coiteux; their jointly owned companies, RPM Northwest and RPM Motors; and RPM Northwest's manager, Nick Akerill, with conspiracy to violate the Clean Air Act by tampering with emissions control devices. *See* Dkt. 1. The individually named Defendants and RPM Northwest are also charged with

ORDER - 1

eleven counts of violating the Clean Air Act. *Id.* The Government alleges that Defendants conspired to, and did in fact, tamper with emissions control devices on diesel trucks. *Id.*

Robert Thompson initially appeared as attorney on behalf of Sean Coiteux, Tracy Coiteux, RPM Northwest, and RPM Motors. Dkts. 15, 16. The Government then requested a hearing to "evaluate the conflicts of interest presented by the fact that" Thompson was representing four of the five defendants in the case. Dkt. 30 at 1. The hearing was stricken after Thompson agreed that a conflict existed with respect to Sean and Tracy Coiteux, *see* Dkt. 65 at 2, and the Court appointed counsel for those two defendants, *see* Dkts. 42, 44, 45.

In January 2022, the Court held a hearing on the Government's motion to continue trial, Dkt. 50. At the hearing, the parties discussed Thompson's representation of the LLC Defendants, and Thompson expressed his intention to withdraw. Dkt. 60. The Court directed defense counsel to meet and confer to determine how the individual Defendants wished to proceed regarding the legal representation of the LLC Defendants. *Id.*

Thompson now moves to withdraw as counsel for the LLC Defendants, arguing that he has an inherent conflict because he acted as the companies' corporate attorney and had conversations with the corporate officers, Sean and Tracy Coiteux. Dkt. 62. The Coiteuxs did not respond, but the Government opposes counsel's withdrawal, arguing that Defendants have not retained replacement counsel and that their "pleading" does not "describe the factual basis for the conflict or cite any specific ethical rule that is implicated by his representation." Dkt. 65 at 2. Under Local Criminal Rule 12(b)(3), the LLC Defendants were entitled to reply, but they did not.

## II.  DISCUSSION

Business entities must be represented by counsel. Local Rules, W.D. Wash., LCR 83.2(b)(4).[1] "[C]orporations[2] have a right to counsel, but no right to appointed counsel, even if they cannot afford to retain their own." *United States v. Unimex, Inc.*, 991 F.2d 546, 550 (9th Cir. 1993). These two rules create a conflict in cases like this where the corporate officers have failed to, and seem unwilling or unable to, retain counsel. As other courts have noted, it would be untenable to allow a corporation to "stymie criminal prosecution by refusing to retain counsel." *United States v. Pace*, No. 98CR1247(LAP), 2000 WL 1059703, at *1 (S.D.N.Y. Aug. 2, 2000).

District courts have frequently determined that, although corporations have no right to appointed counsel under either the Sixth Amendment or the Criminal Justice Act, a court has inherent authority to appoint counsel and can exercise its discretion to do so. *See, e.g.*, *United States v. Hum. Servs. Assocs., LLC*, 216 F. Supp. 3d 841, 850–51 (W.D. Mich. 2016); *United States v. Rivera*, 912 F. Supp. 634, 639 (D.P.R. 1996).[3] In some cases, courts have required the corporate entity to pay the legal fees of appointed counsel, either by court order or by approving the release of seized funds. *See, e.g.*, *Rivera*, 912 F. Supp. at 645 (court order); *Hum. Servs. Assocs.*, 216 F. Supp. 3d at 852 (release of seized

---

[1] LCR 83.2 applies in criminal cases. Local Rules, W.D. Wash., LCrR 1(a).

[2] "Corporations" in this context is understood to apply to all formal business entities, including LLCs. *See* LCR 83.2(b)(4) ("A *business entity*, except a sole proprietorship, must be represented by counsel.") (emphasis added); *see also* Fed. R. Crim. P. 43(b)(1) (stating that all *organizations* may appear in court via counsel).

[3] The citations to *Rivera* refer to a Report and Recommendation which was adopted by the District Court.

funds). Other courts have required the Government to identify funds with which to pay appointed counsel. *See, e.g.*, *United States v. Burk*, No. EP-14-CR-240-DCG, 2014 WL 2800759, at *16 (W.D. Tex. June 18, 2014). Some courts have appointed counsel on a pro bono basis. *See, e.g.*, *United States v. Crosby*, 24 F.R.D. 15, 16 (S.D.N.Y. 1959).

The Court agrees that to the extent counsel has acted as corporate counsel and has had confidential conversations with the individually named Defendants, there is a conflict. Nevertheless, RPM Northwest and RPM Motors must be represented by counsel. If Defendants are unable or unwilling to retain counsel to represent the LLC Defendants, the Court will seek counsel to appoint, under terms to be determined.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants Racing Performance Maintenance Northwest, LLC and RPM Motors and Sales, LLC shall retain counsel and enter an appearance by March 31, 2022. Should Defendants fail to retain counsel by that date, the Court shall seek counsel for appointment to represent them pro bono, provided however, that the Court may authorize such appointed counsel to be paid out of corporate resources after notice to the individual defendants. Defendants' Motion to Withdraw as Counsel, Dkt. 62, shall remain pending until new counsel makes an appearance.

Dated this 9th day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge